UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

In re:                                                                              Chapter 11
                                                                                        Case No: 19-11416-cgm
JZRM CORPORATION

                                           *Debtor*

EIN:  46-1651694

-----------------------------------------------------------x

In re:                                                                              Chapter 11
                                                                                        Case No: 19-11386-cgm
HRI CONSULTING INC.

                                           *Debtor*

EIN:  26-4723911

-----------------------------------------------------------x

In re:                                                                              Chapter 11
                                                                                        Case No: 19-11465-cgm
MRZJ INC.

                                           *Debtor*

EIN:  82-4896342

-----------------------------------------------------------x

**NOTICE OF MOTION TO CONVERT CASES FROM CHAPTER 11 TO CHAPTER 7**

PLEASE TAKE NOTICE that upon the annexed Attorney Affirmation of SALVATORE J. LIGA, a Motion pursuant to 11 U.S.C. §1112(b) will be made as set forth below:

| | |
|---|---|
| U.S. BANKRUPTCY JUDGE: | Honorable Cecelia G. Morris |
| RETURN DATE AND TIME: | September 19, 2019 at 10:00 A.M. |
| U.S. COURTHOUSE: | One Bowling Green, New York, New York 10004<br>Courtroom 621 |

| | |
|---|---|
| RELIEF REQUESTED: | An Order to convert the Debtors' chapter 11 cases to chapter 7 pursuant to 11 U.S.C. §1112(b). |

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU.  IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE.  IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY.  YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU.  YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED.  IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU.  IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING.  UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER, IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.

DATE:     August 14, 2019
          Ossining, New York

*/s/ SALVATORE J. LIGA, ESQ.*
SALVATORE J. LIGA, ESQ.
228 Park Avenue South, #43970
New York, NY 10003
(877) 725-5442   Office
(914) 591-8818   Fax
sliga@ligalaw.com
*Attorney for the Debtors*

**SALVTORE LIGA & COMPANY, PLLC.**
**Salvatore J. Liga, Esq.**
*Attorneys for the Debtors*
228 Park Avenue South, Suite 43970
New York, New York 10003
(877) 725-5442
(917) 591-8818 Fax


**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------x

In re:

JZRM CORPORATION

                            Debtor.

EIN:  46-1651694

Chapter 11
Case No: 19-11416-cgm

---------------------------------------------------------x

In re:

HRI CONSULTING INC.

                            Debtor.

EIN:  26-4723911

Chapter 11
Case No: 19-11386-cgm

---------------------------------------------------------x

**In re:**

MRZJ INC.

                            Debtor.

EIN: 82-4896342

---------------------------------------------------------x

Chapter 11
Case No: 19-11465-cgm

## MOTION TO CONVERT CASES FROM CHAPTER 11 TO CHAPTER 7

**TO THE HONORABLE UNITED STATES BANKRUPTCY COURT:**

JZRM CORPORATION, HRI CONSULTING INC., and MRZJ INC. (the "Debtors"), by and through their undersigned counsel, jointly file this motion to convert the Debtors' chapter 11 cases to chapter 7 pursuant to 11 U.S.C. §1112(b) and represent:

1. This Court has jurisdiction to hear this matter and enter a final order granting the relief requested herein pursuant to 28 U.S.C. §§ 1334 and 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are Sections 105(a), 1103, and 1109 of the Bankruptcy Code.

2. This matter is a core proceeding 28 U.S.C. § 157(b)(2) upon which this Court has the Constitutional authority to enter final order.

3. The statutory predicates for this Motion are 11 U.S.C. §§ 105 and 1112(b) and in the alternative, 1104(a). This Court has jurisdiction over this matter pursuant to 28 U.S.C. §157(b)(2)(A) and Federal Rule of Bankruptcy Procedure 1015(b).

4. On April 30, 2019, JZRM CORPORATION and HRI CONSULTING INC. filed for relief under Chapter 11 of the Bankruptcy Code.

5. On May 06, 2019, MRZJ INC. filed for relief under Chapter 11 of the Bankruptcy Code.

6. The Debtors were individually incorporated consulting businesses which specialized in commercial debt collection.

7. The Debtors had nominal hard assets in the form of used office equipment which was discarded in the months leading up to the bankruptcy.

8. The Debtors had no accounts receivable and no contracts with the vast majority of their clients. Any agreements with clients, to the extend they existed, were written on a case by case basis and at any given time a client would be permitted to withdraw the claim. Fees were contingent on collecting a claim.

9. The Debtors rarely, if ever purchased debt, instead it assisted its clients to collect their own debt by acting as an outsourced accounts receivable department and hiring lawyers to represent them.

10. The Debtors were owned and managed by RANDY JAY SARF, who suffered a major heart attacked earlier in the year. It would be fair to say, without RANDY JAY SARF's active participation, these Debtors have no business.

11. These Debtors have ceased to operate.

12. These Debtors' lost money for years, as Mr. Sarf struggled with large amounts of overhead, multiple divorces, putting his kids through college, substance abuse and living beyond his means.

13. These Debtors have no bank accounts.

14. These Debtors have no employees.

15. These Debtors have no real property or leasehold interests, of any kind.

16. Most of the Debtors' liabilities stem from merchant cash advances, which in many cases charged the Debtors 40-80% on short term loans under the guise of being a factoring arrangement.  *(There entities had no accounts receivable, so what was there to factor?)*

17. These Debtors don't have a traditional "book of business."  These Debtors operated as outsourced account receivable departments for third parties on an ad hoc basis.  These Debtor's hired lawyers to represent their clients.

18. These Debtors' income was all contingent on their ability to collect money for their clients and they relied heavily on the knowledge, business connections and participation of RANDY JAY SARF.

19. THERE IS NO REHABILATION FOR THESE DEBTORS.

20. Cause exist for the conversion of these cases from Chapter 11 to Chapter 7.

     **WHEREFORE,** JZRM CORPORATION, HRI CONSULTING INC., and MRZJ INC. pray that this court enter an order, converting them from chapter 11 to chapter 7 and grant such other and further relief as is just.

                                      Respectfully submitted

                        By:    ***/s/ SALVATORE J. LIGA***
                                SALVATORE J. LIGA, ESQ.